[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the grounds that no issue of fact exists which prevents the court from granting the defendant, Kronholm Keeler, Inc., judgment as a matter of law.
The defendant, Kronholm Keeler, Inc., is an insurance agent licensed to do business in the State of Connecticut. American Home Assurance Company is an insurance carrier licensed to do business in the State of Connecticut. The plaintiff, Attorney Carl M. Dunham, Jr., purchased professional liability insurance from American Home Assurance Company through the defendant, agent.
The policies purchased include policy number 3355108 which the plaintiff alleges provided him with insurance for "occurrences"[1] which took place during the policy period of November 7, 1972 through November 7, 1977; policy number 3710944, which the plaintiff alleges provided him with coverage for "claims made"[2] between November 7, 1977 and November 7, 1978; and policy number 4598237 which the plaintiff alleges was a "modified claims-made policy which afforded prior acts coverage for current customers of American Home Assurance Company." (Complaint Count 1 Para. 10).
On May 25, 1984, the plaintiff was sued for professional malpractice. Thereafter, American Home Assurance Company refused to either indemnify the plaintiff or provide a defense regarding the above lawsuit.
On July 20, 1987, the plaintiff caused the present complaint to be served upon the defendant, Kronholm Keeler. Count five paragraph fifteen of the complaint alleges that the CT Page 5378 defendant "breached its contract to obtain professional liability insurance for the [p]laintiff as promised and represented." (Emphasis added). Count six alleges an "arbitrary, capricious, and malicious failure of the defendant, Kronholm Keeler Inc., to obtain professional liability insurance coverage which covered prior acts of the plaintiff as represented to the plaintiff," (emphasis added); such that it "constitutes breach of the defendant Kronholm Keeler Incorporated's express and implied contractual obligation to its insured to deal in good faith."
The pleadings were closed as to this defendant on October 4, 1989 when the plaintiff filed a reply to the defendant's amended answers and special defenses. On August 24, 1990, the defendant filed a motion for summary judgment along with a supporting memorandum of law, the affidavit of Russel T. Keeler, Jr., and further exhibits were filed on May 20, 1991.
In its motion, the defendant asserts that there are no issues of fact and that as a matter of law the defendant is entitled to judgment regarding the breach of contract claims alleged in counts five and six of the plaintiff's complaint. The defendant bases this assertion upon two arguments. First, the defendant argues that it provided the requested "claims made" coverage, in policy number 4598237, for the period from November 7, 1977 through November 7, 1978 and that it is not contractually obligated regarding any claims that were made beyond that term. In support of this argument the defendant points to language of the policy indicating coverage for claims made "during the policy period." (Defendant's supporting memorandum pp. 6-7). Second, the defendant argues that the plaintiff's claim is barred by the six-year statute of limitations enunciated in Conn. Gen. Stat. 52-576. The defendant argues that any breach which it may have committed necessarily must have occurred before the end of the policy period on November 7, 1978 and that this claim was commenced more than six years later in July of 1987.
"The party moving for summary judgment `as the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" State v. Goggin, 208 Conn. 606, 615 (1988) (citations omitted). "Because the burden of proof is on the moving party, to the party opposing the action." Id. at 616 (citations omitted).
"The intention of the parties manifested by their words and acts is essential to determine whether a contract was CT Page 5379 entered into and what its terms were . . . ." Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199 (1987) (citations omitted). "In the absence of `definitive contract language, . . . .' The determination of what parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Id. (Citations omitted).
A question of material fact exists regarding the intentions of the parties and whether or not those intentions are clearly reflected in the terms of insurance policy number 4598237. The determination of such terms is a prerequisite to a determination of whether a breach occurred and if so when. Therefore, the defendant's motion for summary judgment regarding both count five and count six is denied.
M. HENNESSEY, J.